UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNTIED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -v- ) | No. 08-CR-180 |
| ) | Judge Anderson |
| ANTHONY F. CRISSIE, ) | Magistrate Judge Cole |
| ) | |
| Defendant. ) | |

### MOTION TO DISMISS INDICTMENT AND FOR ORDER OF EXPUNGEMENT

NOW COMES the Defendant, ANTHONY F. CRISSIE, by and through his attorneys, MONICO, PAVICH & SPEVACK, and respectfully requests that this Court enter an Order dismissing the Indictment against him, and entering an Order expunging records of this case for the reason that the Defendant is not the person intended in the Indictment.

IN SUPPORT of this Motion Defendant states:

### The Indictment Should Be Dismissed

1. The Indictment in this case charges Anthony F. Crissie with mail fraud. He is identified as a former talent buyer for JAM Productions, Ltd. ( JAM ). The Government charges that he committed mail fraud against JAM during the course of his employment. It has sent notice to Mr. Crissie at Mr. Crissie s home address directing Mr. Crissie to attend an arraignment on March 17, 2008, before Magistrate Judge Jeffrey Cole.

2. We have every reason to believe that the Government will not dispute that Anthony F. Crissie has been accidentally indicted in this case. Anthony F. Crissie has never been employed by JAM Productions in any capacity. Undersigned counsel also have reason to believe

that the Indictment in this case was intended to be brought against Defendant s son, Anthony R. Crissie, who lives at a different address.

3. Accordingly, Defendant asks that this Court dismiss the Indictment.

**The Records of this Case Should Be Expunged**

4. Further, Anthony F. Crissie asks that the Court expunge the records in this case. Anthony F. Crissie has spent the last thirty (30) years of his life building a successful insurance agency. He has never been arrested, much less convicted, for a crime. He has been married for thirty-two (32) years and has three grown children, Anthony (29), Nicole (27), and Renee (24). He has lived in Barrington, Illinois for the last sixteen (16) years.

5. Mr. Crissie is the President of Crissie Insurance Group, in Des Plaines, Illinois, an independent insurance agency. He founded the agency in 1978 as A. F. Crissie & Company, Ltd. The agency has over twenty-five (25) employees. It specializes in selling insurance to individuals and businesses. For businesses that includes all types of insurance, including automobile, workers compensation, property, general liability, umbrellas, bonds, key man life insurance, disability coverage and group health. He has national and regional accounts. He also does consulting work with respect to risk management, where he may not write the policies but is hired to analyze claims in order to determine loss factors, exposure, and other matters.

6. Particularly because of the nature of his business, it is absolutely essential that Mr. Crissie maintain a veritable squeaky clean image and record. Until now, he has. After thirty (30) years of building that image, however, and running a successful company, an apparent error in the Government s charging instrument in this case has put everything at risk. Major commercial clients are not going to do business with someone who is facing federal mail fraud charges. Most

perniciously, should they learn of the charges, existing or potential clients may not even inquire in order to determine whether they are true. It is just as likely that existing or potential clients will simply make other arrangements with other agencies without inquiry.

7. This Circuit permits an expungement where unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records. *United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004). The court employs a balancing test. *Id*. In this case there is really nothing to balance against the potential nightmare Mr. Crissie faces if these records are not expunged. On the law enforcement side, the Government has absolutely no reason to retain erroneous records accidentally charging the wrong man with a crime.

8. Although courts have often expressed reluctance to expunge criminal records, in most cases the motion comes from someone who has been convicted or at least legitimately charged with an offense. *See, e.g., United States v. Cook*, 2008 U.S. Dist. LEXIS 2945 (N.D. Il. 2008) (Judge Zagel) (inability to secure employment insufficient to demonstrate adverse conditions required for expungement; defendant acquitted previously of perjury charges); *United States v/ Mays*, 2007 U.S. Dist. LEXIS 67607 (E.D. Wis. 2007) (Judge Adelman) (same, though defendant had been previously convicted on credit card theft and mail fraud); *United States v. Heckler-Sollanek*, 2005 U.S. Dist. LEXIS 10712 (N.D. Il. 2005) (Judge Moran) (same); *United States v. Lassere*, 2005 U.S. Dist. LEXIS 27429 (N.D. Il. 2005) (Judge Shadur) (same, though defendant only had prior arrest record). In the instant matter Mr. Crissie is not seeking an expungement from a conviction. He is seeking an expungement from a matter in which he was charged accidentally. Thus, this does not come close to the kind of situation where the Government had *some* evidence of wrongdoing, but not *enough* evidence; Mr. Crissie is, for all

purposes, the wrong man. The record should be corrected.

9. There are some cases that have questioned the District Court's authority to award an expungement as part of its ancillary jurisdiction, based on *Kukkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1995). The Seventh Circuit is generally categorized as one of the Circuits that believe the district court does possess the requisite jurisdiction. *See generally United States v. Colonian*, 480 F.3d 47, 52 (1st Cir. 2007) (discussing the issue). The Seventh Circuit recognized expungement power in *Flowers* in 2004, long after *Kukkonen* was decided.

10. This matter is presently pending before the court. The court's jurisdiction over the matter has been invoked by the Government, we submit, wrongly. Mr. Crissie's thirty year career and livelihood stand at risk based on what this motion has assumed was a mistake. The way to correct the mistake is through an expungement.

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing the Indictment against him and ordering that all records that refer to Anthony F. Crissie be expunged from the court records.

Respectfully submitted,<br>
ANTHONY F. CRISSIE

By: */s/ Barry A. Spevack*
Barry A. Spevack

Barry A. Spervack
MONICO, PAVICH & SPEVACK
20 South LaSalle Street
Suite 700
Chicago, Illinois 60603
312-782-8500