UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  08 CR 180 |
| v. | ) | |
| | ) | Honorable Wayne R. Andersen |
| ANTHONY F. CRISSIE | ) | United States District Court Judge |
| | ) | |
| | ) | |

**MOTION TO CORRECT SCRIVENER'S ERROR**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, Eastern Division, respectfully moves this Honorable Court to amend the indictment to correct a scrivener's error.  In support thereof, the government respectfully states as follows:

**FACTUAL BACKGROUND**

On February 26, 2008, defendant CRISSIE was charged in an indictment with mail fraud, in violation of Title 18, United States Code, Section 1341.  In the indictment, defendant CRISSIE is named and referred to throughout the indictment as "ANTHONY F. CRISSIE."  The designation in the indictment of defendant CRISSIE's middle initial as "F" was in error.  Defendant CRISSIE's correct middle initial is "R."

**APPLICABLE LAW AND ARGUMENT**

An indictment may be amended "for the purpose of eliminating the effect of formal defects which in no wise prejudice a defendant or affect his substantial rights." *United States v. Denny*, 165 F.2d 668, 670 (7th Cir. 1948); *see also United States v. Michigan Carton*

*Company*, 552 F 2d. 198, 202 (7th Cir. 1977); *United States v. Canty*, 971 F.Supp. 687, 690 (N.D.N.Y. 1997) (holding that "[a] Court may freely grant amendments to an Indictment that relate to the Indictment's form and do not affect a defendant's substantive rights.") (*citing Russell v. United States*, 369 U.S. 749, 769-70 (1962)); *see also United States v. McGrath*, 558 F.2d 1102, 1105 (2d Cir. 1977); *see e.g. United States v. Sazenski*, 833 F.2d 741, 743-44 (8th Cir.), *cert. denied*, 485 U.S. 906 (1988); *United States v. Young Bros., Inc.*, 728 F.2d 682, 693 (5th Cir.), *cert. denied*, 469 U.S. 881 (1984); *United States v. Kegler*, 724 F.2d 190, 194 (D.C. Cir. 1983) (explaining that misnomers generally are mistakes of form that may be corrected by amending the indictment).

Accordingly, the government is permitted to amend an indictment for the purpose of correcting a non-substantive error. *See United States v. Willoughby*, 27 F.3d 263, 266 (7th Cir. 1994) (amendments of technical, clerical, or other typographical errors are "generally benign" if they "would not alter the essential substance of the charged offense"); *United States v. Leichtman*, 948 F.2d 370, 376 (7th Cir. 1991) (modification "to correct for a typographical or clerical error or a misnomer" such as an incorrect date is permissible "unless the particular date is an important element of the charged offense"). *See also United States v. Folks*, 236 F.3d 384, 391 (7th Cir. 2001) ("Where a charge is worded so broadly as to state 'on or about' a certain date, the defendant is deemed to be put on notice that the charge is not limited to a specific date."); *United States v. Mitov*, 460 F.3d 901, 907 (7th Cir. 2006) (district court did not err by amending a date in an indictment to correct a mistake).

Here, amending the indictment to reflect the correct spelling of defendant's name would not impair defendant's substantive rights or adversely effect defendant in terms of crimes charged or available defenses. *See United States v. Kegler*, 724 F.2d 190, 195 (D.C. Cir. 1984); *United States v. Mason*, 869 F.2d 414, 417 (8th Cir. 1989) (motion to delete incorrect middle initial of defendant from indictment permissible because "the amendment no way changed the substance of the indictment."). "The test as to whether a defendant is prejudiced by an amendment to an indictment has been said to be whether a defense under an indictment as it originally stood would be equally available after the amendment is made, and whether any evidence the defendant might have would be equally applicable to the indictment in the one form as in the other." *Denny*, 165 F.2d at 670.

In the present case, the amendment would be one of form only and the amendment would in no way change the substance of the indictment. Moreover, the amendment would in no way affect the state of the evidence or limit defendant Crissie's ability to argue mistaken identity to the jury. In addition, amending the indictment would not cause the defendant to become unaware of the crime with which he has been charged. Further, the amendment would not change the nature of the crime charged or charge different offenses from that found by the grand jury. The amendment has nothing to do with the question of defendant's guilt or with the evidence which should be sufficient to warrant conviction. In sum, the defenses available to defendant are not adversely effected by amending the indictment to reflect the correct spelling of defendant's name. Accordingly, in order to avoid any confusion and misnomers, the indictment should be amended to reflect the correct

3

spelling of defendant's name. *Kegler*, 724 F.2d at 190; *Denny*, 165 F.2d at 670; *Mason*, 869 F.2d at 417.

WHEREFORE, the government requests that the defendant's name, in the caption of the case as well as throughout indictment, be amended to reflect that the defendant's name is "ANTHONY R. CRISSIE."  Respectfully submitted,

                              PATRICK J. FITZGERALD
                              United States Attorney

By:   /s/   Tinos Diamantatos    6281728
       TINOS DIAMANTATOS
       Assistant United States Attorney
       219 South Dearborn Street
       5th Floor
       Chicago, Illinois 60604
       (312) 353-4317

Dated: March 11, 2008

**CERTIFICATE OF SERVICE**

Tinos Diamantatos, an Assistant United States Attorney assigned to the instant matter, hereby certifies that the attached **GOVERNMENT'S MOTION TO CORRECT SCRIVENER'S ERROR** was served on March 11, 2008, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers and served by first class mail, postage prepaid, on the following party:

Stuart Chanen
*Counsel for Defendant Crissie*
525 West Monroe Street
Chicago, Illinois 60661-3693

By:   /s/   Tinos Diamantatos   6281728
TINOS DIAMANTATOS
Assistant United States Attorney
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 353-4317